

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. P. Heard
County Auditor
Bell County
Belton, Texas

Dear Sir:

Opinion No. 0-3702
Re: Situs of taxation of road
building equipment belong-
ing to a resident of Bell
County

We are in receipt of your letter in which you re-
quest the opinion of this department on the facts set out
as follows:

"My attention has been called to the fact
that we have a road contractor or builder in
Bell County, or rather this is his home and
place of residence, who has not rendered his
road building equipment to Bell County for Ad
valorem tax purposes.

"His contention is that the equipment was
not in Bell County on the 1st. of January or
the 1st of the year and for that reason is not
subject to being rendered for tax purposes in
Bell County.

"Will you please advise me under these
conditions if this property is subject to be-
ing assessed in Bell County for tax purposes."

Section 11 of Article VIII of the Constitution of
Texas provides as follows:

Honorable L. P. Heard, page 2

"All property, whether owned by persons
or corporations shall be assessed for taxation,
and the taxes paid in the county where situat-
ed, but the Legislature may, by a two-thirds
vote, authorize the payment of taxes of non-
residents of counties to be made at the office
of the Comptroller of Public Accounts. And
all lands and other property not rendered for
taxation by the owner thereof shall be assess-
ed at its fair value by the proper officer."

Article 7153 of the Revised Civil Statutes pro-
vides as follows:

"All property, real and personal, except
such as is required to be listed and assessed
otherwise, shall be listed and assessed in
the county where it is situated; and all per-
sonal property, subject to taxation and tem-
porarily removed from the State or county,
shall be listed and assessed in the county
of the residence of the owner thereof, or in
the county where the principal office of such
owner is situated."

The road building equipment you refer to is class-
ed as tangible personal property.

The general rule as to the situs of taxation of
tangible personal property was stated by the Supreme Court
of Texas in the case of Great Southern Life Insurance Com-
pany v. City of Austin, 243 S.W. 778. The Court said as
follows:

"Under the common law, 'mobilia sequuntur
personam' was a well-established maxim, and
personal property of every description was
taxable only at the domicile of its owner,
regardless of its actual location. This is
still the basic principle upon which the taxa-
tion of personal property rests. . . .

". . . It is true that the actual situs
of certain classes of visible and tangible

Honorable L. P. Heard, page 3

personal property, as well as intangible pro-
perty having similar characteristics, as, for
example, money, state and municipal bonds,
circulating bank notes, and shares of stock
in private corporations, may have a situs for
taxation where they are permanently kept,
separate and apart from the domicile of the
owner. . . ."

The rule of law applicable in Texas is, therefore,
that tangible personal property is taxable in the county of
the domicile of the owner unless the property has acquired
a permanent fixed situs of its own separate and apart from
that of the county of the owner's domicile. Mere temporary
absence from the county of the owner's domicile does not
give tangible personal property a taxable situs in another
county and remove it from taxation in such county of the
owner's domicile. This was pointed out by the Fort Worth
Court of Civil Appeals in the case of City of Fort Worth v.
Southland Greyhound Lines, 62 S.W. 354. In that case the
City of Fort Worth attempted to tax the motor busses of the
Southland Greyhound Lines, Inc., a corporation whose place
of domicile and principal place of business was Bexar County,
Texas. The court held that the fact that the busses operat-
ed temporarily through the City of Fort Worth did not render
them subject to taxation in Tarrant County. The fact that
the busses operated temporarily in a number of counties
placed them in such a category that they were taxable only
in Bexar County, Texas, the county of the corporation's
domicile. The reason for this was because the busses as
tangible personal property had acquired no taxable situs
in any other county.

However, in a case where tangible personal property
does acquire a permanent situs in a county other than the
county of the owner's domicile in relation to the tax year
in question such property is taxable in the county where the
same is actually located. The Court of Civil Appeals of
Texas in the case of Clampitt v. Johnson, 42 S.W. 866, stat-
ed as follows:

"It is quite certain from the testimony
in this case that appellees moved their cattle

Honorable L. P. Heard, page 4

to Sterling county intending to pasture them there until the following spring. The drought in Runnels county had so seriously affected the range as rendered it necessary for them to procure a range elsewhere. The cattle were moved in November, and it is a matter of common knowledge that new grass does not spring up and grow to any considerable extent in this state in the months of November, December, January, and February. Hence we say that it is reasonably certain that appellees' purpose was to keep the cattle in Sterling County from the time they placed them there until the following spring, and this purpose was carried out, as shown by the agreed facts; and while live stock may be in a particular county under such circumstances as will not render them subject to taxation in said county, as, for instance, while being driven through the county, or held there temporarily for the purpose of sale or trade, still we are satisfied that the cattle referred to in this case were situated in Sterling county on the 1st day of January, 1894, within the meaning of the tax laws, and were therefore subject to taxation in said county."

The test in each case was set out by the Galveston Court of Civil Appeals in the case of City of Galveston v. Haden, 214 S.W. 766. The Court stated as follows:

"The law seems to be well settled in Texas that the proper place to tax personal property is the residence of the owner, provided it has not acquired a situs for purposes of taxation elsewhere, in which instance it is to be taxed where situated. Constitution of Texas, art. 8, § 11; R.S. arts. 7510 and 7514; City of Austin v. Insurance Co., 211 S.W. 482. Indeed, the cases cited in the foregoing conclusions so hold, particularly the Guffey Case, with reference to such physical property as is here involved, and both litigants appear to proceed upon the assumption that such is

442

    the rule, differing only as to whether this
property was shown to have a situs where lo-
cated. The question, then, upon this feature
of the case turns in this court, on whether
or not the evidence was sufficient to support
the trial court's finding that the property
as to which any recovery for taxes was denied
had in fact acquired a situs outside of the
city of Galveston, where its owner resided."

    By way of application of the above authorities to
the situation you present, the fact that the road equipment
was out of Bell County on the 1st day of January, is not a
fact which in itself prevents the property from being taxable
in Bell County. If the road building equipment has been situa-
ted in another county on a permanent basis in relation to the
taxing year in question then the same would be taxable in the
county where actually situated and not in Bell County. However,
if such road equipment, as is the ordinary case, is used and
moved from one county to another to work on particular jobs,
and such equipment never acquires an actual situs in any county
other than the owner's domicile, then under the laws of this
State it is our opinion the same would be taxable in Bell
County.

    We trust that the foregoing fully answers your in-
quiry.

                    Yours very truly

APPROVED JUL 9, 1941    ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT      By
ATTORNEY GENERAL          Billy Goldberg
                   Assistant

BG:db



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

